John MANOCCHIO, Plaintiff-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 82–7588.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 1983.

Decided July 19, 1983.

Daniel J. Leer, Losey & Thompson, San Francisco, Cal., for plaintiff-appellant.

Gilbert Rothenberg, Washington, D.C., for respondent-appellee.

Before WALLACE, TANG, and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Manocchio (taxpayer) appeals from the Tax Court's decision to deny in part his deduction of the cost of a flight training course as a business expense. Ninety percent of the expense of the course had been reimbursed under a veterans' benefit program. The Tax Court held that the reimbursed portion of the expense was not deductible, that a prior revenue ruling and I.R.S. publication to the contrary did not estop the I.R.S. from retroactively denying the deduction, and that the I.R.S.'s decision did not impermissibly single out veterans who received flight training allowances. We affirm the holding of nondeductibility on the grounds that a reimbursed expense is not deductible and that the I.R.S. is not estopped from applying this rule to taxpayer.

## FACTS AND PROCEDURAL BACKGROUND

In 1977, taxpayer took a flight training course and deducted the entire cost of the course as a business expense. The Internal Revenue Service (Service) concedes that this course maintained and improved skills required in taxpayer's employment as a pilot. Its costs would thus ordinarily be deductible as a business expense under I.R.C. § 162(a) (1976). As a veteran eligible for educational assistance, however, taxpayer was entitled to an allowance for 90% of the cost of a flight training course under former 38 U.S.C. § 1677(b). Veterans' Pension and Readjustment Assistance Act of 1967, Pub. L. No. 90–77, tit. III, § 302(b), 81 Stat. 185 (as amended) (repealed 1981). Payment depended on proof that taxpayer had completed the training. These benefits were exempt from taxation under 38 U.S.C. § 3101(a) (1976).

At the time taxpayer filed, both a Revenue Ruling and an I.R.S. publication stated that a deduction for educational expenses need not be reduced by the amount of any educational benefits paid by the Veterans Administration. Rev.Rul. 62–213, 1962–2 C.B. 59, *revoked by* Rev.Rul. 83–3, 1983–1 I.R.B. 10; 1977 I.R.S. Publication No. 17. The Service concedes that taxpayer could reasonably have relied on these sources in taking the full deduction.

In 1980, the Service modified its former ruling and held that flight training expenses reimbursed under former 38 U.S.C. § 1677 would not be deductible. Rev.Rul. 80–173, 1980–2 C.B. 60. Since the Commissioner did not indicate that this ruling was non-retroactive, it was assumed to be a retroactive decision of law under I.R.C. § 7805(b) (1976). Taxpayer's 1977 return was subsequently audited, and a deficiency was assessed.

Taxpayer appealed the finding of deficiency to the Tax Court. The court found that the reimbursed portion of the expense was not deductible. The court based its holding on I.R.C. § 265(1), which prohibits the deduction of a business expense that is "allocable to ... income ... wholly exempt from ... taxes." I.R.C. § 265(1) (1976). The Tax Court further held that taxpayer's reasonable reliance on I.R.S. information did not estop the Service from retroactively enforcing a change in its legal position, and that the 1980 ruling was not impermissibly selective.[1] Taxpayer brings this appeal.

## ISSUES

I. Were taxpayer's reimbursed flight training expenses deductible?

II. Was the Service estopped from retroactively applying its 1980 Revenue Ruling?

III. Did the Commissioner abuse his rulemaking authority by denying a deduction only to those receiving flight training allowances?

---

1. The Tax Court's decision is reported at 78 T.C. 989 (1982).

## STANDARD OF REVIEW

 The Tax Court's application of law to undisputed facts is reviewable *de novo. See Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Estate of Franklin v. Commissioner,* 544 F.2d 1045, 1047 n. 3 (9th Cir.1977); *Wien Consolidated Airlines v. Commissioner,* 528 F.2d 735, 737 n. 1 (9th Cir.1976); *Lundgren v. Commissioner,* 376 F.2d 623, 627 (9th Cir.1967). The Commissioner's decision to allow the retroactive application of Rev.Rul. 80–173 is reviewable for abuse of discretion. *Automobile Club of Michigan v. Commissioner,* 353 U.S. 180, 184, 77 S.Ct. 707, 710, 1 L.Ed.2d 746, 750 (1957).

## DISCUSSION

### I.

*Taxpayer Cannot Deduct the Expenses in Question Because They Were Reimbursed*

 I.R.C. § 162(a) allows the deduction of "ordinary and necessary expenses paid or incurred during the taxable year." It is well established that an otherwise deductible business expense cannot be deducted if it has been reimbursed. This circuit has applied the rule in two cases holding that a lawyer cannot deduct uncollected litigation expenses when the expenses are later to be reimbursed. *Canelo v. Commissioner,* 447 F.2d 484 (9th Cir.1971); *Hearn v. Commissioner,* 309 F.2d 431 (9th Cir.1962), *cert. denied,* 373 U.S. 909, 83 S.Ct. 1299, 10 L.Ed.2d 411 (1963); *accord Universal Oil Products Co. v. Campbell,* 181 F.2d 451, 475 (7th Cir.), *cert. denied,* 340 U.S. 894, 71 S.Ct. 204, 95 L.Ed. 648 (1950). The Tax Court has denied expense deductions on this ground in two recent cases in which moving expenses were later reimbursed by the Government. *Charles Baloian Co. v. Commissioner,* 61 T.C. 620, 626 (1977) (citing *Glendinning, McLeish & Co.* and *Hearn*); *Wolfers v. Commissioner,* 69 T.C. 975 (1978) (extending the ruling in *Charles Baloian Co.* to reimbursed professional fees associated with a move). The principle is well explained in the Second Circuit's decision in *Glendinning, McLeish & Co. v. Commissioner,* 61 F.2d 950 (2d Cir. 1932):

> Being advances made by the petitioner in accordance with its agreement to make them and the agreement of the Belfast Company to repay them, the amounts here involved were not within the statute . . . permitting the deduction of ordinary and necessary business expenses, since they could not be expenses of any kind provided the petitioner could and did enforce its right to reimbursement.

*Id.* at 952; *accord Cohan v. Commissioner,* 39 F.2d 540, 543 (2d Cir.1930) (Hand, J.) (loan to partner upon dissolution not deductible where loan was to be repaid out of profits of new venture). *See generally* Prentice-Hall Federal Taxes ¶ 11,336, at 11,-641 (1983) (summarizing the law on reimbursable expenses).

 We find that the flight training allowance taxpayer received was a direct reimbursement for the expenses he seeks to deduct. First, the amount of the benefit was tied directly to the expense by a percentage formula. Second, not only was there a fixed right to the reimbursement at the time of the expenditure, but the reimbursement was actually made at that time. We accordingly hold that the reimbursed portion of taxpayer's flight training expenses was not deductible under I.R.C. § 162(a).[2]

### II.

*The Service Is Not Estopped from Retroactively Applying This Interpretation of the Law to Taxpayer*

 Taxpayer argues that the Service is estopped from denying the deduction in question because of taxpayer's possible detrimental reliance on the misleading Revenue Ruling and I.R.S. publication. Under the applicable precedents, this alleged reliance was not sufficient to estop the Service from collecting tax properly due under the Internal Revenue Code.

---

**2.** Because we rest our decision on the definition of an expense under I.R.C. § 162(a), we need not reach the Tax Court's construction of I.R.C. § 265(1).

I.R.C. § 7805(b) (1976) establishes a presumption that rulings will be retroactive unless otherwise specified:

> The Secretary may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect.

*Id.; see Anderson, Clayton & Co. v. United States,* 562 F.2d 972, 979 (5th Cir.1977), *cert. denied,* 436 U.S. 944, 98 S.Ct. 2845, 56 L.Ed.2d 785 (1978). This court has held that "estoppel should be applied against the Government with utmost caution and restraint." *Schuster v. Commissioner,* 312 F.2d 311, 317 (9th Cir.1962).

The Supreme Court has held that "[t]he doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law." *Automobile Club of Michigan v. Commissioner,* 353 U.S. 180, 183, 77 S.Ct. 707, 709, 1 L.Ed.2d 746, 750 (1957) (footnote omitted); *accord Martin's Auto Trimming, Inc. v. Riddell,* 283 F.2d 503, 506 (9th Cir.1960) ("[t]he Commissioner may even change his ruling and not be estopped."). *Automobile Club of Michigan* construed section 7805(b) to authorize the Commissioner to apply rulings retroactively as long as such application is not an abuse of discretion. 353 U.S. at 184–85, 77 S.Ct. at 710, 1 L.Ed.2d at 750–51. The Court explained this rule in *Dixon v. United States,* 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965):

> This principle is no more than a reflection of the fact that Congress, not the Commissioner, prescribes the tax laws. . . . [T]he Commissioner's acquiescence in an erroneous decision, published as a ruling, cannot in and of itself bar the United States from collecting a tax otherwise lawfully due.

381 U.S. at 73, 85 S.Ct. at 1304, 14 L.Ed.2d at 227. The taxpayer in *Dixon* had purchased notes in reliance on the Commissioner's mistaken acquiescence in a Tax Court decision that the interest from such notes was subject to capital gains treatment. *Dixon* made clear that the Commissioner may retroactively correct mistakes of law "even where a taxpayer may have relied to his detriment on the Commissioner's mis-

take." 381 U.S. at 73, 85 S.Ct. at 1304, 14 L.Ed.2d at 227.

Taxpayer argues here that the retroactive application of Rev.Rul. 80–173 was an abuse of discretion because of the degree of detrimental reliance involved. He relies on *Schuster v. Commissioner,* 312 F.2d 311 (9th Cir.1962), which states:

> [A] person might sustain such a profound and unconscionable injury in reliance on the Commissioner's action as to require, in accordance with any sense of justice and fair play, that the Commissioner not be allowed to inflict the injury.

*Id.* at 317. Taxpayer's benefit from taking the full cost of the training course as a deduction would have been substantial, so he might well have relied to his detriment on the earlier I.R.S. information in taking the flight training course. But this does not establish the kind of "profound and unconscionable injury" required under *Schuster.* In *Schuster,* a bank trustee paid the remainder of an estate to the beneficiaries after the Commissioner had erroneously informed it that another trust was not taxable to the estate. The tax on that trust would have been paid out of the bank's own funds. The court understandably rejected this result as "grossly unfair." *Id.* at 318. The instant case does not involve an innocent third party like the bank in *Schuster.* There is nothing to distinguish this taxpayer from the taxpayer in *Dixon,* who also alleged reliance to his detriment on the Commissioner's erroneous interpretation of the law. We accordingly hold that the Service was not estopped from retroactively applying the correct rule to taxpayer.

III.

*The Commissioner Did Not Abuse his Discretion in Disallowing the Deduction of Educational Expenses only to Veterans Reimbursed for Flight Training*

The Commissioner may abuse his discretion when, in retroactively denying a tax advantage, he makes an "unreasonable and arbitrary classification." *Dixon v. United States,* 381 U.S. 68, 76, 85 S.Ct. 1301, 1306, 14 L.Ed.2d 223, 229 (1965); *see, e.g.,*

*Farmers' and Merchants' Bank v. United States,* 476 F.2d 406, 409 (4th Cir.1973). Taxpayer contends that the Commissioner made an impermissible distinction in treating flight training allowances differently from other veterans' educational benefits.

In *Dixon,* the Court examined a complex argument justifying the Commissioner's distinction without deciding the merits of the argument. Instead, the Court gave substantial deference to the Commissioner's distinction, stating: "We cannot say that the distinction was so devoid of rational basis that we must now overturn the Commissioner's judgment." 381 U.S. a 79, 85 S.Ct. at 1308, 14 L.Ed.2d at 231. In view of the analysis presented in Section I, *supra,* the decision to distinguish flight training benefits from other educational benefits cannot be said to be devoid of the rational basis *Dixon* deems sufficient. As stated in Rev.Rul. 80–173, the flight training payments made under former 38 U.S.C. § 1677 were directly related to taxpayer's expenditures for tuition and fees and were therefore reimbursement payments. General educational benefits consist of a level monthly payment determined with reference only to the veteran's degree of participation in a course of education and the number of the veteran's dependents. The Revenue Ruling properly distinguished flight training payments by observing that general educational benefits "are not reimbursement payments . . ., but rather are in the nature of a living stipend determined without regard to amounts expended." Rev.Rul. 80–173, 1980–2 C.B. 60. As determined above, it is the reimbursement that makes the flight training expenses nondeductible, rather than the mere fact that the benefit is associated with veterans' education benefit.[3]

## CONCLUSION

As the Tax Court held, taxpayer should not be allowed to deduct his reimbursed flight training expenses. The Tax Court properly found that the Commissioner's ret-

roactive application of this rule to taxpayer was not an abuse of discretion and did not make an impermissible distinction. For these reasons, the Tax Court's decision is

AFFIRMED.

---

**3.** The fairness of the Commissioner's determination in Rev.Rul. 80–173 is underscored by the holding in Rev.Rul. 83–3, 1983–1 I.R.B. 10. That ruling states with respect to all veterans' educational benefits that "the itemized deduc-

tions for . . . expenses connected with further education must be decreased to the extent the expense is allocable to the amounts received for such expenses from the Veterans' Administration." *Id.* at 12.