ROBERT ALLEN RIVERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rivers v. Commissioner
Docket No. 8435-82.
United States Tax Court
T.C. Memo 1983-567; 1983 Tax Ct. Memo LEXIS 223; 46 T.C.M. (CCH) 1387; T.C.M. (RIA) 83567; September 13, 1983. Robert Allen Rivers, pro se. Dahil D. Goss, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on July 18, 1983 pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1]
*224 Respondent, in his notice of deficiency issued to petitioner on March 10, 1982, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1979 in the amount of $810.00. The sole issue for decision is whether petitioner is entitled to claim an education deduction under section 162 [2] for expenses for flight training courses incurred in 1979 by petitioner for which he received non-taxable reimbursement from the Veterans Administration. [3]
Petitioner's address on the date he filed his petition was 8503 Thames Street, Springfield, Virginia. He filed an Individual 1979 Federal income tax return with the Internal Revenue Service. Petitioner, at paragraph 4 of his petition filed on April 21, 1982 alleges: The IRS determination of deficiency in my 1979 return relating to Miscellaneous deductions is contested in its entirety. This alleged deficiency results from the disallowance of that portion of an allowable educational expense deduction reimbursed *225 by the Veteran's Administration under Title 38 U.S.C. section 1677. For Tax Year 1979 Rev. Rul. 62-213 explicitly directed the Veteran not to reduce the amount of his allowable educational deduction by the amount of the VA reimbursement. Furthermore, IRS Publication 17 for 1979 specifically delineated this policy on page 96. Utilizing Rev. Rul. 80-173, developed the year after my return was filed and effectively reversing the intent of Rev. Rul. 62-213 regarding aviation training, the IRS has now determined ex post facto that a deficiency exists. The contention here is that the IRS must adhere to the directives contained in its instructional publications and Revenue Rulings applicable to the tax year in question rather than capriciously apply retroactively substantially altered Revenue Rulings. The only justification for the proposed deficiency on my return submitted by the IRS is that speciously based on a ruling not even written at the time my return was filed. This abuse of authority must be recognized as the unjust and unfair action that it is. Respondent filed his answer on June 1, 1982, at which time the pleadings *226 were closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. During 1979 petitioner was a pilot in the United States Navy, assigned to Training Squadron 23 at the Naval Air Station in Kingsville, Texas. During that year he attended flight training classes approved by the Veterans Administration at Flight Proficiency Service in Dallas, Texas from January 22, 1979 to January 31, 1979. The classes, which cost a total of $4,203.00, maintained and improved skills required in petitioner's trade or business. On Schedule A attached to his 1979 return petitioner claimed a miscellaneous expense deduction of $5,214.37. Included in that amount was an educational expense of $5,180.87. On January 22, 1979 petitioner signed a Veterans' Administration Form 22-6553C, Monthly Certification of Flight Training, in order to be entitled to a reimbursement of 90 percent of the costs incurred for the flight training courses. The certification was signed by an official of the flight training school on January 31, 1979 and submitted to the Veterans Administration. During 1979 petitioner received $3,728.00 from the Veterans Administration *227 as a direct reimbursement of his flight-training course tuition expense pursuant to 38 U.S.C. Section 1677 (1976). Petitioner endorsed the VA reimbursement check over to the flight school and paid the remaining cost of the course by personal check. Respondent, in his deficiency notice, has disallowed the claimed educational expenses to the extent of the reimbursement, i.e., in the amount of $3,728.00. Respondent's disallowance was proper. On June 14, 1982, in a court-reviewed opinion, we addressed the very issue herein under consideration on facts substantially similar to those present in this case. We see no need to traverse that ground once again. In Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), we held that the reimbursed flight training expenses were allocable to a class of tax-exempt income--the reimbursement--and, thus, were nondeductible under section 265(1). [4]Manocchio is dispositive of this case. [5]
*228 Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [6]
The record here contains a complete copy of the notice of deficiency, the petition, answer, and a stipulation of facts with attached exhibits. On the basis of the foregoing documents, respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact *229 present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper procedure for disposition of this case. Therefore, we must and do grant respondent's motion. [7]
An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(c) and (d), Internal Revenue Code of 1954, as amended and Delegation Order No. 8 of this Court, 81 T.C. VII (1983). Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. All rule references are to the Tax Court Rules of Practice and Procedure.
2. All section references are to the Internal Revenue Code of 1954, as amended. ↩
3. All pertinent facts have been stipulated and the stipulation of facts is incorporated herein by this reference.↩
4. That opinion squarely addresses and fully answers all of petitioner's substantive contentions herein. ↩
5. See Campbell v. Commissioner,T.C. Memo. 1983-246; Reynolds v. Commissioner,T.C. Memo. 1983-223; Whitten v. Commissioner,T.C. Memo. 1983-222; Harman v. Commissioner,T.C. Memo. 1983-107; Russell v. Commissioner,T.C. Memo. 1983-42; Jackson v. Commissioner,T.C. Memo. 1983-41. See and compare Norelius v. Commissioner,T.C. Memo. 1983-480↩.
6. Such outside materials may consist of affidavits, interrogatories, admissions, documents or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), 60 T.C. 1127↩.
7. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on August 31, 1983. Petitioner did not appear. However, he did file a Statement under Rule 50(c), which we have considered and find to be without merit.↩