EDWARD BUFFINGTON DEVON and CONNIE WALLACE DEVON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Devon v. Commissioner
Docket No. 10509-81
United States Tax Court
T.C. Memo 1983-565; 1983 Tax Ct. Memo LEXIS 221; 46 T.C.M. (CCH) 1381; T.C.M. (RIA) 83565; September 13, 1983. *221 Alana W. Lau, for the petitioners. Richard Elliott, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Fred R. Tansill, for hearing on July 6, 1983 at Washington, D.C., on respondent's motion for partial summary judgment. After a review of the record, we agree with and adopt the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: This case came on for hearing on July 6, 1983 at Washington, D.C. on the respondent's motion for partial summary judgment. Respondent's counsel appeared and argued in support of respondent's motion. Neither of the petitioners appeared in person. Petitioners did file a memorandum in opposition to the respondent's motion for partial summary judgment. An extended affidavit with attached exhibits was filed by petitioner Edward Devon and an affidavit of Arthur A. Oshiro, counsel for the respondent, was also filed in support of the respondent's motion. Petitioners resided in Atlanta, Georgia when they filed their joint 1977 Federal income tax return. At the time of filing their joint petition they *222 resided in Honolulu, Hawaii. At the time of hearing on the motion petitioners resided in Dallas, Texas. The joint income tax return of petitioners, husband and wife, reflects the fact that Edward Devon (Edward) was an aviation safety officer with the FAA while Connie Devon was a teacher. Among the miscellaneous expenses shown on Schedule A of the joint tax return was the sum of $4,200 labeled "tuition." Upon audit of the 1977 joint income tax return, the respondent determined a deficiency of $1,903.92; the statutory notice of deficiency disallowed the sum of $4,200 which was claimed for flight training expenses. The reasons given for the disallowance were: that it had not been established that the expenses were incurred primarily to maintain or improve skills required by Edward in his employment or to meet the express requirements of his employer; it was also determined that the sum of $4,200 had not been reduced to the extent of any reimbursement made for such expenses by the Veterans' Administration, and substantiation of the payment of $4,200 has not been made. In 1977 Edward was employed by the Federal Aviation Administration assigned to Air Carrier Operations; he was *223 an inspector in the Flight Standards District Office at Atlanta, Georgia. While so employed Edward took a flight training course given by Corporate Jet, Inc. at Peachtree DeKalb Airport, Atlanta, Georgia, for the operation of CE 500 aircraft. The cost of that course was billed to Edward in the amount of $4,299 and was fully paid by Edward to Corporate Jet, Inc. Of the amount thus paid, $3,869.10 was reimbursed to Edward by the Veterans' Administration pursuant to 38 U.S.C. section 1677. Edward had served in the Army Air Corps and the Air Force from 1942 to 1963, excluding a period in 1950 and 1951. He is, therefore, a veteran of World War II and the Korean War and, as such, was entitled to receive veteran's benefits. Before taking the course, Edward was certified to inspect pilot operations of DC 9, Lockheed L-1011 and other aircraft and pilot ratings on those aircraft. After the course he was certified to inspect the pilot operations of CE 500 aircraft and to rate performances of pilots thereon and he did in fact examine pilots and performance ratings for operations of those aircraft for the Federal Aviation Administration. The course in question maintained *224 and improved Edward's skills required in his employment by his employer. In October, 1980 Edward was transferred to the Hawaii office of the Federal Aviation Administration in the same position, as an air carrier operations inspector. Respondent now agrees that Edward is entitled to deduct the sum of $429.90 as a business educational expense. The motion for partial summary judgment relates to the remainder of the claimed deduction, for which petitioner received reimbursement from the Veterans' Administration. This case is indistinguishable from Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983). In Manocchio,supra, this Court held that the reimbursement by the VA of flight training expenses requires the disallowance protanto of the cost of the special flight training program, as provided by section 265(1) of the Code. In Manocchio,supra, this Court considered and adversely disposed of the same issues raised by the petitioner here with respect to prior rulings by the Internal Revenue Service, Publication 17 and similar matters. For the reasons set forth by this *225 Court in the Manocchio opinion, the arguments raised here are necessarily resolved against the petitioner. Therefore, we hold for the respondent on this issue. Decision will be entered under Rule 155.