CRAIG HARDING COVER AND MELISSA MATYI COVER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cover v. Commissioner
Docket No. 6669-82.
United States Tax Court
T.C. Memo 1983-577; 1983 Tax Ct. Memo LEXIS 214; 46 T.C.M. (CCH) 1422; T.C.M. (RIA) 83577; September 19, 1983. Craig Harding Cover, pro se. Howard Philip Newman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill, pursuant to the provisions of section 7456(c) and (d) of the Internal Revenue Code, [1]Rules 180 and 181, Tax Court Rules of Practice and Procedure, [2] and Delegation Order No. 8 of this Court, 81 T.C. VII (1983). The Court agrees with and adopts his opinion, which is set forth below. *215 OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined a deficiency of $930 in petitioners' income tax for the taxable year 1978. The sole issue for our determination is whether reimbursement by the Veteran's Administration of 90 percent of the costs of flight training makes that amount of the cost of such training nondeductible. The petitioners are married individuals who resided in Oakland, California at the time of filing their joint tax return for the taxable year. When they filed a joint petition in this Court they resided at Doylestown, Pennsylvania. A partial stipulation of facts with exhibits is in evidence. Petitioner was a former U.S. Navy pilot and was honorably discharged on November 30, 1978. In 1978 petitioner Craig Harding Cover (Craig) enrolled in a Veteran's Administration approved flight training at National Jet Industries. This program cost petitioner $5,918 which he paid. Pursuant to 38 U.S.C. sec. 1677 (1976) petitioner was reimbursed for 90 percent of the cost of the training or $5,326. Because petitioner had claimed a miscellaneous deduction for $5,918 for the training course, the respondent's *216 adjustment increased taxable income by $5,326 while the difference of $592 was allowed as a deduction. This is another of the Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), type cases filed in this Court. In such cases the reimbursed portion of the VA payments to petitioner have been held to make the comparable amount of expense paid by petitioner nondeductible under section 265 as attributable to tax exempt income. As noted, we addressed this issue in Manocchio v. Commissioner,supra, and that opinion considers and disposes of all of the petitioner's arguments here in favor of the respondent. Therefore, we hold for the respondent on this issue. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that Rule are not applicable to this case.