FRANK LARSH MOHLER III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mohler v. Commissioner
Docket No. 17208-82.
United States Tax Court
T.C. Memo 1983-618; 1983 Tax Ct. Memo LEXIS 176; 46 T.C.M. (CCH) 1611; T.C.M. (RIA) 83618; September 28, 1983. Frank Larsh Mohler III, pro se. Elizabeth S. Henn, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNEWALD, Judge: Respondent determined a deficiency of $1,811 in petitioner's income tax for the taxable year 1978. The sole issue for decision is whether petitioner is entitled to a deduction for the amount of reimbursement of flight-training expenses received by him from the Veterans Administration. All of the relevant facts have been stipulated and are found accordingly. Petitioner is an individual whose residence was at 13 Sommerset Road, Catonsville, Md., at the time he filed the petition herein. During 1978, petitioner was a pilot for two commercial airlines, Capitol International Airways and Inter-Continental Airways. *177 He was also a pilot in the Air Force Reserves. During January 1978, petitioner took a course at the United Airlines School in Denver, Colo., called "Airline Transport." The total cost of this course was $11,593.95. Petitioner paid $11,593.95 for the course and received reimbursement from the Veterans Administration in the amount of $6,998. The reimbursement which petitioner received from the Veterans Administration was pursuant to 38 U.S.C. sec. 1677. Although the Veterans Administration generally pays 90 percent of training costs, in petitioner's case the Veterans Administration did not pay the full 90 percent because the petitioner had used up some of his Veterans Administration benefits. The reimbursements which veterans receive pursuant to 38 U.S.C. sec. 1677 are tax exempt under 38 U.S.C. sec. 3101(a), which provides a blanket exclusion from taxation for all benefit payments made pursuant to any law administered by the Veterans Administration. On his 1978 tax return, petitioner took a deduction of the entire $11,593.95 for the cost of the "Airline Transport" course. In his notice of deficiency, *178 respondent disallowed $6,998, the portion of the $11,593.95 which was reimbursed by the Veterans Administration.Respondent does not contest the deduction for the nonreimbursed portion of the expense. The disposition of this case is controlled by Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983). In that case, we held that reimbursed flight-training expenses were allocable to a class of tax-exempt income, with the result that the amount of the reimbursement was nondeductible under section 265(1). [1] The Ninth Circuit Court of Appeals affirmed our decision on the ground that the deduction should be disallowed under section 162(a) without reaching a conclusion as to the applicability of section 265(1). On either ground, petitioner's deduction must be denied. See Norelius v. Commissioner,T.C. Memo. 1983-480. The underlying rationale of both our opinion and that of the circuit court was that the taxpayer should not be entitled to what was in effect a double deduction. See Hillsboro National Bank v. Commissioner, 460 U.S.     (1983); Spitalny v. United States,430 F.2d 195 (9th Cir. 1970). *179 Cf. United States v. Skelly Oil Co.,394 U.S. 678 (1969). Petitioner seeks to sustain his position on the ground that respondent has discriminated against reimbursement of flight-training expenses under 38 U.S.C. sec. 1677 and reimbursement for educational assistance expenses under 38 U.S.C. sec. 1681. A similar argument was made by the taxpayer and rejected by both this Court and the Ninth Circuit Court of Appeals in Manocchio.
Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.↩