DONALD R. ZAMORA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zamora v. Commissioner
Docket No. 1299-82.
United States Tax Court
T.C. Memo 1983-660; 1983 Tax Ct. Memo LEXIS 128; 47 T.C.M. (CCH) 215; T.C.M. (RIA) 83660; October 31, 1983. John J. Zamora III, for the petitioner. Wesley F. McNamara and Scott T. Welch, for the respondent. FEATERSTON MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case, involving a determined deficiency in the amount *129 of $3,934 for 1978, is before the Court on respondent's motion for partial summary judgment. The sole issue to be decided in disposing of that motion is whether petitioner, an airline pilot, is entitled to deduct the cost of flight training for which he received nontaxable reimbursement from the Veterans Administration. After the motion was filed, petitioner conceded the other issue initially presented in the case with the result that this is the only issue remaining in controversy. When he filed his petition, petitioner was a legal resident of Orange County, California. He filed a Federal income tax return for 1978 with the Internal Revenue Service Center, Fresno, California. During 1978, petitioner was employed as an airplane pilot by Delta Airlines, Inc. On March 13, 1978, he enrolled in a Federal Aviation Administration (FAA) approved flight training course offered by Martin Aviation, Inc., and during 1978 was charged and paid as tuition a total of $7,879.84. On May 1, 1978, petitioner enrolled in a second FAA approved flight training course, also offered by Martin Aviation, Inc. He was charged and paid in 1978 a total of $6,534.98 as tuition for this course, so that *130 the total tuition costs in 1978 were $14,414.82. Petitioner received $12,928.34 from the Veterans Administration (VA) as a direct reimbursement of his flight training tuition, pursuant to 38 U.S.C. section 1677. [1] This reimbursement is exempt from income tax under 38 U.S.C. section 3101(a)[2] and was not reported as income by petitioner. He did, however, claim as an itemized deduction the full amount of his flight training expenses, undiminished by the amount of his reimbursement. *131 Respondent disallowed the deduction for that portion of the expenses that was reimbursed by the VA ($12,928); respondent did not disallow the claimed deduction for the nonreimbursed portion of the education expenses and implicitly concedes that such portion is deductible under sec. 162. [3]
In a Court-reviewed opinion in Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), this Court held that a deduction claimed for VA reimbursed flight training expenses was disallowed by section 265(1). [4] That section denies a deduction for any otherwise deductible amount which is "allocable to one or more classes of income other than interest" exempt from tax. Under section 1.265-1(b)(1), Income Tax Regs., a class of tax-exempt income includes any class of income excluded from gross income under the provisions of the Internal Revenue Code or any other law; petitioner's VA payments are excluded from gross income by 38 U.S.C. section 3101 (a). The Court found that the *132 direct relationship between the educational expense and the VA reimbursement payment shows that the expense was "allocable" to the VA payment within the meaning of section 265(1). In affirming this Court's decision, the court of appeals emphasized that the taxpayer incurred the training expenses under an arrangement which entitled him to reimbursement and concluded that, because he was reimbursed, he was not entitled to the claimed deduction. Petitioner does not argue that his case is distinguishable from Manocchio. Rather, he argues that the Internal *133 Revenue Service's position in Rev. Rul. 83-3, I.R.B. 1983-1, 10, discriminates unfairly between similarly situated taxpayers by only prospectively reducing deductions by other veterans for general educational expenses while his allegedly similar deductions for flight training expenses were reduced retroactively by Rev. Rul. 80-173, 1980-2 C.B. 60, the ruling upheld by this Court and by the court of appeals in Manocchio. This, he concludes, constitutes a denial of due process and an abuse of the Commissioner's discretion.This argument was answered by the court of appeals in Manocchio as follows (710 F.2d at 1404): As stated in Rev. Rul. 80-173, the flight training payments made under former 38 U.S.C. section 1677 were directly related to taxpayer's expenditures for tuition and fees, and were therefore reimbursement payments. General educational benefits consist of a level monthly payment determined with reference only to the veteran's degree of participation in a course of education and the number of the veteran's dependents. The Revenue Ruling properly distinguished flight training payments *134 by observing that general educational benefits "are not reimbursement payments * * *, but rather are in the nature of a living stipend determined without regard to amounts expended." Rev. Rul. 80-173, 1980-2 C.B. 60. * * * [I]t is the reimbursement that makes the flight training expenses nondeductible, rather than the mere fact that the benefit is associated with a veterans' educational benefit. [Fn. ref. omitted.] On this ground the court rejected the notion that the Commissioner's retroactive denial of a deduction for the reimbursed flight training expenses was an abuse of discretion. The distinction between expenses, such as those in question, which are specifically reimbursed and expenses which give rise to general educational benefits determined without regard to the amount of expense actually incurred is not unreasonable or arbitrary. To reflect the foregoing, the motion for partial summary judgment will be granted and Decision will be entered for the respondent.
Footnotes
1. Sec. 1677. FLIGHT TRAINING (a) The Administrator may approve the pursuit by an eligible veteran of flight training where such training is generally accepted as necessary for the attainment of a recognized vocational objective in the field of aviation or where generally recognized as ancillary to the pursuit of a vocational endeavor other than aviation, subject to the following conditions: (1) the eligible veteran must possess a valid private pilot's license and meet the medical requirements necessary for a commercial pilot's license; and (2) the flight school courses must meet the Federal Aviation Administration standards and be approved both by that Agency and the appropriate State approving agency. (b) Each eligible veteran who is pursuing a program of education consisting exclusively of flight training approved as meeting the requirements of subsection (a) hereof, shall be paid an educational assistance allowance to be computed at the rate of 90 per centum of the established charges for tuition and fees which similarly circumstanced non-veterans enrolled in the same flight course are required to pay. Such allowance shall be paid monthly upon receipt of a certification as required by section 1681(c) of this title. In each such case the eligible veteran's period of entitlement shall be charged with on month for each $270 which is paid to the veteran as an educational assistance allowance for such course. ↩
2. Sec. 3101. NONASSIGNABILITY AND EXEMPT STATUS OF BENEFITS (a) Payments of benefits due or to become due under any law administered by the Veterans Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. * * *↩
3. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
4. SEC. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME. No deduction shall be allowed for-- (1) Expenses.--Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.↩