LARRY E. AND ANNE H. WEBSTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Webster v. Commissioner
Docket No. 14656-82.
United States Tax Court
T.C. Memo 1983-682; 1983 Tax Ct. Memo LEXIS 105; 47 T.C.M. (CCH) 308; T.C.M. (RIA) 83682; November 15, 1983. William E. Frantz, for the petitioners. Julie M. T. Walker, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, special Trial Judge: The respondent determined a deficiency of $4,444.35 for the taxable year 1977 together *107 with an addition to tax of $95.44 under section 6651(a). After concessions, the only issue now presented for our determination [3] is whether petitioners are entitled to a deduction of $8,220 in the taxable year as an educational expense under section 162(a) or is it precluded by section 265(1)? This case was submitted fully stipulated without trial. It also has been stipulated in 18 other cases on the same trial calendar which involved issues identical in principle with the VA reimbursement issue here, that the petitioners all will be bound by the result in this case. [4] Before trial, this case and the other 18 similar cases have been converted from "S" cases to "Regular" cases at the specific oral request of the petitioners. *108 The taxpayers in this case are husband and wife. They resided in Atlanta, Georgia at the time the petition was filed in this case. Larry E. Webster is hereinafter referred to as petitioner. The Websters filed their joint Federal income tax return for 1977 with the Director of the Internal Revenue Service, Chamblee, Georgia on June 14, 1978. Petitioner is a veteran of the United States Navy. During 1977 petitioner was employed as an airline pilot by Delta Airlines. He had been employed by Delta since 1965 and in the taxable year was classified as a captain. Petitioner attended a flight training class approved by the Veterans Administration (VA) at Corporate Jet Aviation (Aviation), 1951 Airport Road, Atlanta, Georgia from July 23, 1977 to August 30, 1977. That flight training class cost a total of $8,130 and concededly maintained and improved skills required by petitioner in his trade or business. As a veteran, petitioner was eligible for an educational assistance allowance from the VA, as provided by 38 U.S.C. section 1677 (1976), not to exceed 90 percent of the established charges for tuition and fees. The VA required a certification of flight *109 training before releasing VA educational benefits to petitioner. On August 30, 1977, petitioner and Aviation (through a school official), executed a monthly certification of flight training indicating that petitioner had completed flight training on that day at a total cost to the student of $8,130. Thereafter, the VA mailed petitioner a check for $7,317, being 90 percent of the $8,130. Petitioner paid Aviation this sum and paid the remaining 10 percent, or $813, by personal checks as follows: $50 on June 25, 1977, $500 on July 23, 1977, and $263 on October 3, 1977. On the joint 1977 Federal income tax return filed by petitioners, they excluded the VA payment of $7,317 from income pursuant to 38 U.S.C. section 3101(a) (1976). On the same joint return petitioners claimed a miscellaneous itemized deduction of $8,220 for educational expense; this total included the tuition for petitioner's flight training of $8,130, together with $90 of other miscellaneous expenses. The petitioners had prepared their 1977 joint income tax return themselves relying upon case law authority and Internal Revenue Service publications and pronouncements available to them including, *110 but not limited to, Publication 17-Your Federal Income Tax (Publication 17). In the statutory notice of deficiency, the respondent disallowed in full the educational expense deduction for flight training of $8,220. The respondent now concedes that the amount of $813 (10 percent of $8,130) is deductible and that the remaining $90 of miscellaneous educational expenses has been substantiated and also is deductible. Thus, the net figure of $7,317 is the only amount in controversy. The question at issue is controlled by this Court's reviewed opinion in Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th cir. 1983). In Manocchio, this Court held that a deduction claimed for VA reimbursed flight training expenses was disallowed by section 265 (1). [5] That section denies the deduction for any otherwise deductible amount which is "allocable to one or more classes of income other than interest" exempt from tax. Under section 1.265-1(b)(1), Income Tax Regs., a class of tax-exempt income includes any class of income excluded from gross income under the provisions of the Internal Revenue Code or any other law; petitioner's VA payments *111 are excluded from gross income by 38 U.S.C. section 3101(a). For the reasons detailed in Manocchio, we think that the direct relationship between the educational expense and the VA reimbursement payment shows that the expense was "allocable" to the VA payment within the meaning of section 265(1). In affirming this Court's decision, the court of appeals emphasized that the taxpayer incurred the training expenses under an arrangement which entitled him to reimbursement and concluded that, because he was reimbursed, he was not entitled to the claimed deduction. Thus, petitioner is not entitled, under the Manocchio rule, to a deduction for the amount of the education expense which was reimbursed by the VA. The Court's opinion in Manocchio is dispositive of this case. [6]
*112 Respondent's position that VA reimbursed flight training expenses such as the ones concerned in Manocchio and in the present case were not deductible was first announced in Rev. Rul. 80-173, 1980-2 C.B. 60. That ruling, which this Court approved in Manocchio, was applied retroactively by respondent. In Rev. Rul. 83-3, 1983-1 I.R.B. 10, respondent announced changes in the deductibility of educational expenses giving rise to the payment of general veterans' educational benefits under 38 U.S.C. section 1681. The deductibility of those expenses had previously been unaffected by the receipt of the related VA benefits. Rev. Rul. 62-213, 1962-2 C.B. 59. In Rev. Rul. 83-3, respondent revoked Rev. Rul. 62-213 and announced that henceforth the deduction for educational expenses would be reduced by one-half of the amount of the general educational benefits received under 38 U.S.C. section 1681. Exercising his authority under section 7805(b), respondent applied Rev. Rul. 83-3without retroactive effect.
The general educational benefits paid under 38 U.S.C. section 1681 *113 are determined without regard to the amount of the educational expense actually incurred. They are based, instead, on whether the veteran is a full or part-time student and on the number of his dependents. Reimbursements of flight training expenses under 38 U.S.C. section 1677, by contrast, are computed as 90 percent of the actual expense. Petitioner argues that the veteran who receives a reimbursement of his flight training expenses under 38 U.S.C. section 1677 and the one who receives general educational benefits under 38 U.S.C. section 1681 are similarly situated taxpayers, and that respondent has abused his discretion under section 7805(b) by changing the tax treatment of the former retroactively and that of the latter only prospectively. We do not agree, because we find that the differing nature of the payments offers a reasonable basis for distinction. In affirming our decision in Manocchio, the court of appeals for the Ninth Circuit addressed this issue in the following terms (710 F.2d at 1404): As stated in Rev. Rul. 80-173, the flight training payments made under former *114 38 U.S.C. section 1677 were directly related to taxpayer's expenditures for tuition and fees, and were therefore reimbursement payments. General educational benefits consist of a level monthly payment determined with reference only to the veteran's degree of participation in a course of education and the number of the veteran's dependents. The Revenue Ruling properly distinguished the case of flight training payments by observing that general educational benefits "are not reimbursement payments * * *, but rather are in the nature of a living stipend determined without regard to amounts expended." Rev. Rul. 80-173, 1980-2 C.B. 60. As determined above, it is the reimbursement that makes the flight training expenses nondeductible, rather than the mere fact that the benefit is associated with a veterans' educational benefit. [Fn. ref. omitted] Because the distinction between flight training expenses, such as those in question, which are specifically reimbursed, and expenses which give rise to general educational benefits determined without regard to the amount of the expense actually incurred is not unreasonable or arbitrary, petitioner's argument *115 must fail. [7]
*116 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1977, unless otherwise indicated. ↩
2. Pursuant to the order of assignment on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. The prayer in the petition asked the Court for an award of attorney's fees to petitioners. We have no such power or authority at this time and the petitioners' brief does not argue this point. We regard this matter as moot, therefore.↩
4. The names and docket numbers of the other petitioners who are thus bound to follow the result here are as follows: Larry E. Harvey and Jennifer G. Harvey, Docket No. 30313-81S; Donald L. Hansen and Karen S. Hansen, Docket No. 10795-82S; George C. Fuller and Betsy N. Fuller, Docket No. 11002-82S; Arthur G. Parrott, Docket No. 11276-82S; William L. Stevens and Peggy L. Stevens, Docket No. 11370-82S; Melvin L. Shettel and Laura L. Shettel, Docket No. 11373-82S; William L. Lesesne, Jr., and Janet F. Lesesne, Docket No. 11459-82S; Norman E. Schultz, Jr., and Barbara L. Schultz, Docket No. 13144-82S; Clark R. Jones and Rachel A. Jones, Docket No. 13284-82S; Ralph W. Silhan and Joann C. Silhan, Docket No. 13440-82S; Harry E. Lake and Sue E. Lake, Docket No. 13474-82S; Alcide H. Delisle and Sarah B. Delisle, Docket No. 13614-82S; Michael J. Steele and Gloria R. Steele, Docket No. 13643-82S; Clifton Sapp, Docket No. 13646-82S; Patrick J. McGreevy and Martha T. McGreevy, Docket No. 14189-82S; Roger W. Berry and Lorraine F. Berry, Docket No. 14281-82S; Clifford D. Ross and Alice E. Ross, Docket No. 968-82S; Michael Leon Seely and Gail Emma Seely, Docket No. 6186-82S.↩
5. SEC. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME. No deduction shall be allowed for-- (1) Expenses.--Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.↩
6. See e.g., Russell v. Commissioner,T.C. Memo. 1983-42; Wells v. Commissioner,T.C. Memo 1982-676; Murphy v. Commissioner,T.C. Memo. 1982-634↩.
7. Zamora v. Commissioner,T.C. Memo. 1983-660. Petitioner has advised the Court of an order issued on Oct. 13, 1983, by the United States District Court for the Northern District of Georgia in Baker v. United States, Civil No. C-82-2420-A. That case also involved the retroactive effect of Rev. Rul. 80-173 on the deductibility of flight training expenses which had been partially reimbursed by the Veterans Administration, but the conclusion of the district court was different from the foregoing analysis. The district court found that the Commissioner, in issuing Rev. Rul. 80-173, had made a distinction between flight training benefits and general veterans' benefits which was "arbitrary" and "devoid of any rational basis." Accordingly, the district court held that the Commissioner had abused his discretion under sec. 7805(b) and granted the taxpayers' motion for partial summary judgment with respect to that issue. For the reasons stated in text above, we respectfully decline to follow the holding of the district court. We will, instead, continue to follow our own holding and that of the Ninth Circuit in Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400↩ (9th Cir. 1983).