ROBERT D. NELSON AND JANELL Y. NELSON, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent. Nelson v. Commissioner
Docket Nos. 19505-80, 11921-81, 22299-80, 25701-81, 1761-81, 3388-82, 3741-81, 10672-82, 7396-81, 18918-82, 10032-81
United States Tax Court
T.C. Memo 1983-739; 1983 Tax Ct. Memo LEXIS 49; 47 T.C.M. (CCH) 601; T.C.M. (RIA) 83739; December 12, 1983. Robert D. Nelson and Janell Y. Nelson, et al., pro se. Patrick J. Dowling, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: In these consolidated cases, respondent has determined deficiencies in petitioners' Federal income taxes as follows: Docket No.
Petitioner
Year
Deficiency
19505-80
Robert D. Nelson & Janell Y. Nelson
1977
$1,443.00
22299-80
James J. Lawlor & Mary Y. Lawlor
1977
2,085.00
1761-81
Leo F. Trainer & Marie B. Trainer
1976
4,871.50
3741-81
Wylie E. Nolen & Louise H. Nolen
1978
3,555.39
7396-81
James V. Booker & Lois J. Booker
1977
1,588.00
10032-81
Andrew Bohutinsky & Kathleen F.
1977
2,944.00
Bohutinsky
11921-81
Robert D. Stark & Sally M. Stark
1978
3,971.00
25701-81
William C. Benton III & Jane E. Benton
1978
5,872.50
3388-82
Randy L. Roberts
1979
1,134.00
10672-82
Robert H. Dunham III
1979
4,801.66
18918-82
Wendell L. Green & Joy L. Green
1978
5,149.00
*50 Concessions having been made, the sole issue for decision is whether petitioners are entitled to deduct as educational expenses certain payments for flight training courses to the extent they were reimbursed for such expenses by nontaxable benefits from the Veterans Administration. These cases were submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. The pertinent facts are summarized below. When the petitions in the instant cases were filed, petitioners Robert D. Nelson and Janell Y. Nelson, husband and wife, resided in Lenexa, Kansas; petitioners James J. Lawlor and Mary L. Lawlor, husband and wife, resided in Lee's Summit, Missouri; petitioners Leo F. Trainer and Marie B. Trainer, husband and wife, resided in Kansas City, Missouri; petitioners Wylie E. Nolen and Louise H. Nolen, husband and wife, resided in Parkville, Missouri; petitioners James V. Booker and Lois J. Booker, husband and wife, resided in Ottawa, Kansas; petitioners Andrew Bohutinsky and Katheleen F. Bohutinsky, husband and wife, resided in Kansas City, Missouri; petitioners Robert *51 D. Stark and Sally M. Stark, husband and wife, resided in Overland Park, Kansas; petitioners William C. Benton III and Jane E. Benton, husband and wife, resided in Parkville, Missouri; petitioner Randy L. Roberts resided in Topeka, Kansas; petitioner Robert H. Dunham III resided in Kansas City, Missouri; and petitioners Wendell L. Green and Joy L. Green, husband and wife, resided in Argyle, Texas. Since the issue before us concerns the educational expenses incurred by Robert D. Nelson, James J. Lawlor, Leo F. Trainer, Wylie E. Nolen, James V. Booker, Andrew Bohutinsky, Robert D. Stark, William C. Benton III, Randy L. Roberts, Robert H. Dunham III, and Wendell L. Green, respectively, all references to petitioners will refer to them. Each of the petitioners is a United States Armed Forces veteran. In the taxable year at issue in his respective case, each petitioner was employed as an airline pilot by Trans World Airlines, except for Randy L. Roberts, who was employed as an airline pilot by the United States Air Force. In connection with his employment as a pilot, each petitioner took a flight training course or courses for which each incurred expenses for tuition and fees. *52 Each of the petitioners received educational assistance allowances from the Veterans Administration (VA) provided under 38 U.S.C. sec. 1677 equal to 90 percent of his tuition and fee expenses for his respective flight training course. The VA required a certification of completed training each month signed by both a school official and the respective petitioner before it would release payment checks. At the end of each month in which each petitioner received qualified instruction, the flight training school mailed a certification of flight training to the VA showing the total amount billed to the petitioner's account. The VA then mailed to the respective petitioner a check for 90 percent of the amount billed. Pursuant to 38 U.S.C. sec. 3101(a), petitioners properly excluded the VA payments from income on their tax returns. Petitioners have claimed deductions for the amounts incurred in connection with flight training courses, including the amounts which were reimbursed by the VA. Because of concessions made by the parties [2] the sole issue for determination is whether the reimbursed portion of the flight training expenses is deductible. *53 This issue was thoroughly considered in Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), where this Court concluded that the reimbursed flight training expenses were allocable to a class of tax exempt income and were therefore not deductible under section 265. [3] Petitioners attempt to distinguish the facts in these cases from those in Manocchio. In Manocchio the taxpayer endorsed the check received from the VA directly over to the flight school and paid the remaining 10 percent of the tuition by personal check. Petitioners assert on brief that they did not endorse the VA checks over to the school but deposited the amount in their bank accounts. The evidence of record, however, does not establish this *54 fact. Even assuming that petitioners' statement is correct, we do not believe that it provides a basis for distinguishing these cases from Manocchio. It is stipulated that the educational assistance allowances received from the VA were for the flight training courses' tuition and fee expenses of the petitioners. In addition, before the VA would release the checks it required a certification from the flight school of the actual training received by the veteran and the cost of the training. The allowance was then computed at 90 percent of the amount billed. Clearly, the educational assistance allowances were reimbursement for tuition and fees expenses for the flight training courses and these expenses are allocable to the reimbursement income. Petitioners assert that respondent is estopped from denying the deductions. Petitioners cite their reliance on Rev. Rul. 62-213, 1962-2 C.B. 59, which held that deductible educational expenses of a veteran were not required to be reduced by nontaxable payments *55 received during the taxable year from the VA. The Service, however, subsequently issued Rev. Rul. 80-173, 1980-2 C.B. 60, which held that flight training expenses for which the veteran is reimbursed under 38 U.S.C. sec 1677 are not deductible. Since the ruling does not state that it is to be applied prospectively only, it is deemed by the Commissioner to have retroactive effect. See Rev. Proc. 78-24, 1978-2 C.B. 503. See also section 7805(b). We concluded in Manocchio that respondent has the authority to apply Rev. Rul. 80-173 retroactively in order to correct the mistake of law contained in Rev. Rul. 62-213. After careful review of the entire record, we find no sound basis for distinguishing these cases from Manocchio. Therefore, we hold that petitioners are not entitled to deduct the flight training expenses which were reimbursed by the VA. [4]
*56 Because of concessions, Decisions will be entered under Rule 155.
Footnotes
1. Cases of the following petitioners are consolidated herewith: James J. Lawlor and Mary Y. Lawlor, docket No. 22299-80; Leo F. Trainer and Marie B. Trainer, docket No. 1761-81; Wylie E. Nolen and Louise H. Nolen, docket No. 3741-81; James V. Booker and Lois J. Booker, docket No. 7396-81; Andrew Bohutinsky and Kathleen F. Bohutinsky, docket No. 10032-81; Robert D. Stark and Sally M. Stark, docket No. 11921-81; William C. Benton III and Jane E. Benton, docket No. 25701-81; Randy L. Roberts, docket No. 3388-82; Robert H. Dunham III, docket No. 10672-82; Wendell L. Green and Joy L. Green, docket No. 18918-82.↩
2. In all cases, with the exception of Leo F. and Marie B. Trainer, docket No. 1761-81, the respondent has conceded that all but the reimbursed portion of the educational expenses claimed were deductible. In the case of Leo & Marie Trainer, the parties agreed that $390 of the $1192 claimed as transportation, meals and lodging expenses incurred in connection with flight training courses is not allowable.↩
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years at issued.↩
4. See also Zamora v. Commissioner,T.C. Memo. 1983-660; Webster v. Commissioner,T.C. Memo. 1983-682. But see Baker v. United States,     F. Supp.     (N.D. Ga. 1983). As stated in Webster v. Commissioner,supra,↩ we respectfully decline to follow the District Court's holding.