STUART R. DAVIS AND THORA D. DAVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 20269-81.
United States Tax Court
T.C. Memo 1983-783; 1983 Tax Ct. Memo LEXIS 5; 47 T.C.M. (CCH) 787; T.C.M. (RIA) 83783; December 28, 1983. Stuart R. Davis and Thora D. Davis, pro se. Albert B. Kerkhove and Bobby D. Burns, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on March 2, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1]
Respondent's motion was originally calendared to *6 be heard at Washington, D.C. on April 20, 1983. However, since petitioners contended that the amount of reimbursement received from the Veterans' Administration was less than that determined by respondent in his notice of deficiency, the hearing has been continued three times, finally to December 14, 1983, to afford sufficient time for the parties to file a stipulation setting forth the precise amount of the reimbursement received. On November 23, 1983, such stipulation was filed which recites in pertinent part-- "* * * 1. Petitioner Stuart R. Davis received reimbursement of $11,110.12 with respect to education expenses for 1977. Respondent concedes that the adjustment to the petitioners' claimed education expenses should be reduced to $11,110.12, rather than the $11,888.80 amount set forth in the statutory notice of deficiency." [2]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1977 in the amount of $2,565. The sole issue for decision is whether petitioners are entitled *7 to claim an education deduction under section 162 [3] for expenses for flight training courses incurred in 1977 by Stuart R. Davis, hereinafter called petitioner, for which he received non-taxable reimbursement from the Veterans Administration. On the date their petition was filed petitioner resided at 9616 Jeffco Airport Avenue, Broomfield, Colorado and Thora D. Davis' legal address was Route 1, Box 82-D, Price, Utah. They filed a joint 1977 Federal income tax return with the Internal Revenue Service. Petitioners at paragraph 4 of their petition filed on July 31, 1981, allege-- Petitioners disagree with the deficiency because they legally followed Rev. Rul. 62-213 in deducting educational expenses reimbursed by the Veteran's Administration. Rev. Rul. 62-213 was modified by Rev. Rul. 80-173, although the Service contends the old ruling was distinguished and clarified, as more fully explained in an outline of position attached hereto. * * * Respondent filed his answer on September 8, 1981, at which time the pleadings were closed. Respondent's motion *8 was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. During 1977 petitioner was employed as a pilot for the Union Pacific Railroad Company. On Schedule A attached to their 1977 return petitioners claimed a deduction of $12,935 for Educational Tuition Fees (corporate Jet Flight Training). Petitioner, in 1977, received reimbursement from the Veterans Administration for the expenses he incurred in taking the flight training in the aggregate amount of $11,110.12 which said reimbursement respondent has disallowed as a deduction. We agree that the reimbursed expenses were properly disallowed. On June 14, 1982, in a court-reviewed opinion, we addressed the very issue herein under consideration on facts substantially similar to those present in this case. We see no reason to traverse that ground once again. In Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), we held that the reimbursed flight training expenses were allocable to a class of tax-exempt income--the reimbursement--and, thus, were non-deductible under section 265(1). [4]Manocchio is dispositive of this case. *9 [5]
Rule 121 provides that a party may move for summary judgment *10 upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [6]
The record here contains a complete copy of the notice of deficiency, the petition, answer, a stipulation of facts and respondent's declaration with attached exhibit. On the basis of the foregoing documents, respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that *11 respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper procedure for disposition of this case. Therefore, we must and do grant respondent's motion. However, in view of respondent's concession, Decision will be entered under Rule 155.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. This case was assigned pursuant to sec. 7456(c), Internal Revenue Code of 1954↩, as amended and Delegation Order No. 8 of this Court, 81 T.C. VII (July 1983).
2. In this connection, respondent further advised at the hearing on December 14, 1983 that he concedes the difference of $778.68 as an education expense.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. That opinion squarely addresses and fully answers all of petitioners' substantive contentions herein. ↩
5. See Radmacher v. Commissioner,T.C. Memo. 1983-740; Nelson v. Commissioner,T.C. Memo. 1983-739; Zamora v. Commissioner,T.C. Memo. 1983-660; Webster v. Commissioner,T.C. Memo. 1983-682; Rivers v. Commissioner,T.C. Memo. 1983-567, on appeal (4th Cir., Oct. 17, 1983); Campbell v. Commissioner,T.C. Memo. 1983-246; Reynolds v. Commissioner,T.C. Memo. 1983-223; Whitten v. Commissioner,T.C. Memo. 1983-222; Harman v. Commissioner,T.C. Memo. 1983-107; Russell v. Commissioner,T.C. Memo. 1983-42; Jackson v. Commissioner,T.C. Memo. 1983-41. See and compare Norelius v. Commissioner,T.C. Memo. 1983-480, but see Baker v. United States,     F.Supp.     (N.D. Ga. 1983). As stated in Webster v. Commissioner,supra,↩ we respectfully decline to follow the District Court's holding.
6. Such outside materials may consist of affidavits, interrogatories, admissions, documents or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), 60 T.C. 1127↩.