RICHARD F. RADMACHER and SALLY A. RADMACHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Radmacher v. Commissioner
Docket No. 4556-81.
United States Tax Court
T.C. Memo 1983-740; 1983 Tax Ct. Memo LEXIS 50; 47 T.C.M. (CCH) 604; T.C.M. (RIA) 83740; December 12, 1983. Richard F. Radmacher and Sally A. Radmacher, pro se. Patrick J. Dowling, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency in the amount of $4,285.12 in petitioners' Federal income tax for 1977. The sole issue for decision is whether petitioners are entitled to deduct as educational expenses certain payments for flight training courses for which they received nontaxable reimbursement from the Veterans Administration during 1977. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits *51 are incorporated herein by reference. The pertinent facts are summarized below. The petitioners, Richard F. and Sally A. Radmacher, husband and wife, resided in Camden Point, Missouri, at the time their petition was filed. They timely filed a joint Federal income tax return for 1977 with the Internal Revenue Service Center at Kansas City, Missouri. Mr. Radmacher will sometimes be referred to as the petitioner. Petitioner is a veteran of the U.S. Air Force. During 1977, petitioner was employed as an airline pilot with Braniff Airways, Inc. In that year, he attended a flight training course offered by Martin Aviation, Inc. in Santa Ana, California. The tuition and fee expenses for this course were in the amount of $9,300.76. Pursuant to 38 U.S.C. sec. 1677 (1976) petitioner received an educational assistance allowance in 1977 from the Veterans Administration (VA) in the amount of $7,853.18 in partial reimbursement of his tuition and fees expenses for the course. On their 1977 Federal income tax return petitioners excluded the VA payment from income pursuant to 38 U.S.C. sec. 3101(a)(1976). Petitioners claimed a deduction *52 for the tuition and fee expenses in the amount of $9,300.76, which amount includes the portion for which petitioner received reimbursement from the VA. Petitioners also deducted related expenses for meals, travel and lodging incurred in connection with the flight training in the amount of $646.65. The total amount deducted by petitioners for the flight training expenses was $9,947.41. In his notice of deficiency, respondent disallowed the flight training deduction in full. He has since conceded that petitioners' flight training expenses are allowable except for that portion of the tuition and fee expenses in the amount of $7,853.18 paid by the educational assistance allowance from the VA. Thus, the sole issue for our determination is whether flight training expenses may be deducted when they are reimbursed by nontaxable benefits from the VA. This issue was thoroughly considered in Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), where this Court held that the reimbursed flight training expenses were allocable to a class of tax exempt income and therefore were not deductible under section 265. [1] Petitioners *53 rely on Rev. Rul. 62-213, 1962-2 C.B. 59, which held that deductible educational expenses of a veteran were not required to be reduced by nontaxable payments received during the taxable year from the VA. The Service, however, subsequently issued Rev. Rul. 80-173, 1980-2 C.B. 60, which held that flight training expenses for which the veteran is reimbursed under 38 U.S.C. sec. 1677 are not deductible. Since the ruling does not state that it is to be applied prospectively only, it is deemed by the Commissioner to have retroactive effect. See Rev. Proc. 78-24, 1978-2 C.B. 503. See also section 7805(b). We concluded in Manocchio that respondent was not estopped from denying a deduction for reimbursed flight training expenses in years prior to the issuance of Rev. Rul. 80-173. As we find this case indistinguishable from Manocchio, we hold that petitioners are not entitled to deduct the flight training expenses to the extent of $7,853.18, the amount of the nontaxable reimbursement *54 received from the VA. [2]
Because of concessions, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.↩
2. See also Zamora v. Commissioner,T.C. Memo. 1983-660; Webster v. Commissioner,T.C. Memo. 1983-682. But see Baker v. United States,     F. Supp.     (N.D. Ga. 1983). As stated in Webster v. Commissioner,supra,↩ we respectfully decline to follow the District Court's holding.