DANNY D. GRIGSBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grigsby v. Commissioner
Docket No. 15888-82
United States Tax Court
T.C. Memo 1983-744; 1983 Tax Ct. Memo LEXIS 42; 47 T.C.M. (CCH) 620; T.C.M. (RIA) 83744; December 14, 1983. Danny D. Grigsby, pro se. James Gehres, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $707 and $2,518 in petitioner's Federal income taxes for 1979 and 1980, respectively. After concessions, the issues in this case are whether petitioner is entitled *43 to an educational expense deduction for expenses incurred for helicopter pilot training and, if so, to what extent, and whether petitioner is entitled to a casualty loss deduction. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated herein by this reference. Petitioner was a resident of Aurora, Colorado, when his petition was filed. Between June 13, 1967, and September 30, 1978, petitioner was an officer in the United States Army. At the time of his release, petitioner was a Captain and a helicopter pilot. He had successfully completed Advanced Officer Rotary Wing Aviator Courses and had flown rotary wing aircraft as a pilot for 1,541 hours and as a co-pilot for 114 hours. Due to economic conditions existing at the time of his release, he was unable to find employment as a pilot. He therefore worked as an engineer between approximately December 1978 and February 1980. In April or May of 1980, he obtained employment with Rocky Mountain Helicopters, Inc., and he remained in that employment through the end of 1980. He was still employed as a helicopter pilot at the time of trial. During 1980 and between the time he left his employment *44 as an engineer and commenced his employment with Rocky Mountain Helicopters, Inc., petitioner was enrolled in a helicopter pilot training course. The expenses incurred in relation to that course were $9,780.50, of which $7,645 was paid for tuition. Ninety percent of that tuition, $6,880.50, was reimbursed to petitioner by the Veterans' Administration under 38 U.S.C. section 1677 (1976). Petitioner deducted the full amount of the expenses incurred in relation to the flight training on his 1980 income tax return, but he did not report as income the $6,880.50 reimbursement received. See 38 U.S.C. section 3101 (1976). In April or May 1979, petitioner's jeep was damaged in an accident. The cost of repairing the jeep was $827.84, which was paid by petitioner. Petitioner did not file a claim for the damage to the jeep with his insurance company, although he had insurance coverage of automobile accidents. On his 1979 tax return, petitioner claimed a casualty loss deduction in the amount of $728, representing the cost of repairs less $100. See section 165(c)(3). [1]
*45 In the notice of deficiency, dated June 4, 1982, respondent disallowed the educational expense and casualty loss deductions claimed by petitioner and made various other adjustments. In the stipulation filed herein, respondent has made the following concessions: (1) Petitioner is entitled to depreciation deductions of $3,000 in each of the years 1979 and 1980 with respect to rental property owned by petitioner. (2) Petitioner did not receive $161.19 interest income in 1979, and bank computer records indicating otherwise are erroneous. (3) Petitioner is entitled to an itemized deduction of $164 in 1980 as the cost of repairing and modifying a special purpose helmet used by petitioner when piloting helicopters. OPINION By the conclusion of the trial, respondent was no longer seriously contesting petitioner's contention that his flight training expenses were deductible insofar as they maintained or improved skills required by him in his employment as a helicopter pilot rather than qualifying him for employment in a new occupation.See section 1.162-5(c), Income Tax Regs. The facts set forth in the stipulation and presented at trial support petitioner's contention and establish *46 the deductibility of these expenses as educational expenses. Respondent contends, however, that the expenses are nondeductible to the extent that they are attributable to the tax-exempt income that petitioner received in reimbursement of those expenses. In Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), we addressed this very same issue under substantially the same circumstances and held that section 265 barred the deduction of flight training expenses reimbursed by the Veterans' Administration. Under section 265, no deduction is allowed for any amount otherwise allowable as a deduction that is "allocable to" a class of income exempt from tax. In the Manocchio case, we found that the reimbursements received from the Veterans' Administration qualified as a class of exempt income and that the fundamental nexus between the reimbursement and the expense brought such expense within the "allocable to" requirement of the statute. We also found that respondent's adoption of Rev. Rul. 80-173, 1980-2 C.B. 60, was within his "very broad discretion to correct a mistake of law in a ruling and to do so with *47 retroactive effect." Manocchio v. Commissioner,supra at 1002.
The Manocchio case is dispositive of this case. Petitioner's educational expenses may be allowed only to the extent that they were not reimbursed by his Veterans' Administration benefit. He is thus entitled to deduct the sum of $2,900 in 1980. [2]
Respondent does not dispute the fact that petitioner suffered a casualty loss in 1979. The only basis for disallowance was the failure to seek insurance reimbursement for that casualty loss. Respondent has conceded that his position in this regard is contrary to the Court's holding in Hills v. Commissioner,76 T.C. 484 (1981), affd. 691 F.2d 997 (11th Cir. 1982). We adhere to our prior holding and conclude that petitioner is entitled to a casualty loss deduction of $728 in *48 1979. Petitioner is, of course, also entitled to deduct the other items conceded by respondent. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. See also Zamora v. Commissioner,T.C. Memo, 1983-660; Webster v. Commissioner,T.C. Memo, 1983-682. But see Baker v. United States,     F. Supp.     (N.D. Ga., 1983). As stated in Webster v. Commissioner,supra,↩ we respectfully decline to follow the District Court's holding.