DONALD V. BOOTH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Booth v. Commissioner
Docket No. 1135-82.
United States Tax Court
T.C. Memo 1983-780; 1983 Tax Ct. Memo LEXIS 2; 47 T.C.M. (CCH) 774; T.C.M. (RIA) 83780; December 28, 1983. Donald V. Booth, pro se. Jayne M. Wessels, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency of $870 in petitioner's Federal income tax for taxable year 1977. The main issue remaining after trial [1] is whether petitioner may deduct that portion of the educational expenses paid by him for flight training which was not reimbursed to petitioner by the Veterans' Administration. [2]
*3 Some of the facts are stipulated and are incorporated herein by this reference. Petitioner, an individual, resided in Denison, Texas, at the time he filed the petition in this case. He timely filed a 1977 individual tax return in Austin, Texas. He was employed as a pilot with the Sam Turner Flying Service in Denison during the taxable year in issue, 1977. During that year, Sam Turner Flying Service considered purchasing a Lear jet for use as an air taxi service and for instruction. As chief pilot, petitioner was urged by his employer to get the appropriate training and rating necessary to fly a Lear jet. He did so and paid $4,928 for this training. Petitioner received $4,435.20 from the Veterans' Administration as authorized under 38 U.S.C. sec. 1677 (1976), which permits educational assistance equal to 90 percent of the expenses incurred for approved flight-training courses which are related to the veteran's vocation. These payments are tax-exempt under 38 U.S.C. sec. 3101(a) (1976). Petitioner also paid $25 for a flight physical which he needed in order to receive his Lear jet rating. Originally, petitioner deducted the *4 full amount paid for his flight training as an educational expense relying upon an I.R.S. publication which did not indicate that a deduction for educational expenses had to be reduced by the amount of benefit paid by the Veterans' Administration. Further, at that time, Rev. Rul. 62-213, 1962-2 C.B. 59, stated that a veteran's expenses for education need not be reduced by payments received from the Veterans' Administration. In his notice of deficiency, the Commissioner disallowed all the claimed deductions for flight training. The issue involving the retroactive application of Rev. Rul. 80-173, 1980-2 C.B. 60, which sought to "distinguish and clarify" Rev. Rul. 62-213 as it related to 38 U.S.C. sec. 1677 flight-training benefits, was comprehensively covered in our decision in Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983). [3] It will not be repeated here. *5 Although petitioner initially deducted, as an education expense, the full amount that he paid for his flight training, at trial, he conceded that the rule of Manocchio applies to the amount reimbursed by the Veterans' Administration. He would, however, like to deduct the remaining 10 percent for which he was not reimbursed. Respondent concedes that this 10 percent was an educational expense deductible under section 162 [4] as an itemized expense. But because petitioner does not itemize, respondent claims the amount is not deductible by him because it does not qualify as an employee business expense. Respondent makes the same argument for petitioner's $25 flight physical expense. [5] We agree with respondent. An employee may deduct from adjusted gross income only those trade or business expenses permitted by section 62. Any other employee business expenses, if deductible at all, are deductible only as itemized deductions. Since petitioner did not itemize his deductions, we must hold in favor of respondent. *6 Due to concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. Petitioner conceded at trial that the amount of which he was reimbursed is not deductible under Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400↩ (9th Cir. 1983). 2. Petitioner also raised the issue of the interest on the deficiency; we decline to address this issue, however, because we lack the jurisdiction to do so. See, Hudgins v. Commissioner,55 T.C. 534 (1970); Shedd v. Commissioner,37 T.C. 394 (1961), affd. 320 F.2d 638↩ (9th Cir. 1963).
3. Cf. Baker v. United States, Civil No. C-82-2420-A, an order issued Oct. 13, 1983, by the United States District Court for the Northern District of Georgia. Applying a different analysis, the district court found that the Commissioner's distinction between flight benefits and general veteran's benefits was "arbitrary" and "devoid of any rational basis" and, therefore, an abuse of discretion under section 7805(b) I.R.C. 1954. See Webster v. Commissioner,T.C. Memo, 1983-682, where we declined to follow the holding of the district court and followed our holding in Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400↩ (9th Cir. 1983).
4. All section references are to the Internal Revenue Code of 1954, as amended.↩
5. See Bodholdt v. Commissioner,T.C. Memo. 1961-87↩.