Willard K. BAKER

v.

UNITED STATES of America.

Civ. No. C82–2420–A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 13, 1983.

William E. Frantz, Frantz & Sanders, Atlanta, Ga., for plaintiff.

Jere W. Morehead, Asst. U.S. Atty., Atlanta, Ga., Lenore DiStefano, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER OF COURT

MOYE, Chief Judge.

The above-styled tax refund action is before the court on cross-motions for summary judgment. The issue before this court is whether the plaintiff taxpayer must reduce an otherwise allowable trade or business deduction under I.R.C. § 162 by a non-taxable reimbursement payment received by the plaintiff under former 38 U.S.C. § 1677 and 38 U.S.C. § 1681.[1]

## FACTS

In 1977, the taxpayer took a flight training course and deducted its cost as a business expense. The taxpayer, as a veteran, also received 90% of the cost of the course

1. The defendant concedes that the flight training course taken by the taxpayer improved his skills as required by I.R.C. § 162 to allow the deduction only for purposes of the motion for summary judgment. Thus, the taxpayer's motion is for partial summary judgment only.

under an educational assistance allowance provided by former 38 U.S.C. § 1677(b). These benefits were exempt from taxation under 38 U.S.C. § 3101(a).

At the time the taxpayer filed his returns, both a Revenue Ruling and an IRS publication stated that a deduction for educational expenses need not be reduced by the amount of any benefits paid by the Veterans Administration. In 1980, the Service changed its rulings and held that flight training expenses reimbursed under former 38 U.S.C. § 1677 would not be deductible. This ruling was retroactive and the taxpayer's 1977 return was audited and a deficiency was assessed. The taxpayer filed a timely claim for refund that was denied and now appeals to this court under 28 U.S.C. § 1346(a)1 and 26 U.S.C. § 7422.

## DISCUSSION

■ Prior to 1980, the defendant's position, stated in Revenue Ruling (Rev.Rul.) 62–213, was that a veteran's expenses for education need not be reduced by payments received from the VA. In Rev.Rul. 80–173, the defendant changed its position and held that veterans in flight training courses must reduce their education deduction by the payments received from the VA. The defendant's theory was that a taxpayer who incurs an otherwise allowable expense is not entitled to deduct the expense to the extent that there is a right to a direct reimbursement of that expense. The taxpayer claims that Rev.Rul. 80–173 is invalid based on the following arguments:

(1) The benefit payment received by the taxpayer does not constitute a direct reimbursement of the educational expenses incurred.

(2) The Commissioner has abused its discretion under I.R.C. § 7805(b) in retroactively applying a changed interpretation of the law to a year in which the taxpayer in preparing his income tax return relied to his detriment upon defendant's published guidance.

(3) The Commissioner has abused its discretion under I.R.C. § 7805(b) in retroactively applying its changed interpretation of the law to plaintiff and other veterans pursuing flight training course while allowing all other veterans in other educational programs to deduct the education expenses.[2] The court finds taxpayer's first two arguments unconvincing but holds that a careful reading of the relevant statutory sections show that there is no rational basis for distinguishing between veterans enrolled in flight training courses and veterans enrolled in other educational programs and thus the defendant cannot tax one group and not the other.[3]

In issuing Rev.Rul. 80–173, the Commissioner has denominated two classes of taxpayers who receive unequal treatment, one being veterans enrolled in flight training courses and one being all other veterans enrolled in various other educational programs. One group is not entitled to deduct educational expenses while the other group can. A careful reading of the statute shows, however, that there is no rational basis to justify this distinction.

38 U.S.C. § 1651 details the purposes behind the educational programs set up by that chapter. Congress wanted to help veterans pursue educational opportunities that they had possibly lost by devoting their services to their country. *See* 38 U.S.C. § 1651(3) and (4). In addition, Congress

---

**2.** The defendant claimed that the taxpayer was estopped from raising this argument because it was not raised in his refund claim. The court asked for additional briefs on this issue. After reviewing these briefs, it is clear to the court that the taxpayer is not estopped from raising this argument. In his refund claim, the taxpayer alleged that the service abused its discretion under I.R.C. § 7805(b). One of the factors that must be considered in determining whether there has been an abuse of discretion is whether the ruling constitutes a discriminatory applica-

tion of the law. Thus, the ground relied upon by the taxpayer in this court was present in his refund claim and he is not estopped from relying on this argument.

**3.** In Rev.Rul. 83–3 the service decided that veterans enrolled in courses other than flight training must reduce its deduction by one-half of each payment made under 38 U.S.C. § 1681. This ruling is prospective only.

**510**

wanted to encourage people to participate in the armed services. Accordingly, 38 U.S.C. § 1681 defines an "educational assistance allowance" that entitles veterans who participate in approved programs of education to reimbursement for the cost of those programs. Section 1681 contains three subsections. § 1681(a) defines the educational allowance as a benefit to meet in part, the expenses of a veteran's "subsistence, tuition, fees, supplies, books, equipment, and other educational costs." Subsection (b) provides that the allowance will be computed as provided in Chapter 36 of the title except for veterans enrolled in flight training courses or correspondence programs; and subsection (c) provides that veterans in flight training courses must receive a certain certificate before receiving the entitlement. There is no language in § 1681 to indicate that the Congress was setting up two different kinds of entitlements. In fact, the language indicates that Congress created a single educational allowance that would benefit all veterans. The only difference between flight training courses and other courses was the method of computation of the benefit not the *nature* of the benefit itself.

38 U.S.C. § 1677 defines the method of computation for the benefit defined in § 1681. The veteran in a flight training course is entitled to a 90% reimbursement for the cost of the course. § 1677 also states, however, that the veteran is receiving an "educational assistance allowance." This is exactly the same language used to define the benefits received by veterans under § 1681.

The Commissioner's holding in Rev.Rul. 80-173 applies only to "reimbursement payments made under 38 U.S.C. section 1677." In other words, the ruling that the receipt of the benefits precludes a business or education deduction applies only to veterans in flight training courses. The Commissioner justified this ruling by stating that benefits paid under § 1681, unlike benefits paid under § 1677, "are not ... payments determined by reference to amounts actually expended for tuition and fees, but rather are in the nature of a living stipend

determined without regard to amounts expended." Rev.Rul. 80-173. This argument presupposes two different kinds of benefits, one made under § 1681 and one under § 1677 and that the benefit under § 1677 is only for tuitions and fees while the benefit under § 1681 is "in the nature of a living stipend." This is also the construction of the statutes that the defendant wants this court to adopt.

■ 38 U.S.C. § 1681(a) is the section that defines the entitlement that the veterans receive. § 1677 merely states how that benefit is to be computed. § 1677 specifically states that veterans taking flight training courses are receiving an "educational assistance allowance" which is the exact language of § 1681. In fact, § 1681, itself, contains a provision concerning flight training courses. This court finds that the statutes set up a system whereby *all* veterans receive the same "educational assistance allowance" even though the method of computation may vary depending on the length and nature of the particular education program. The different methods of computation, however, do not warrant the conclusion that one benefit is in the nature of a living stipend while the other one relates only to tuition and fees. The manner in which a benefit is computed is simply irrelevant to the definition given to that benefit. Chapter 34 defines *all* "educational assistance allowance" benefits in the same statutory provision, 38 U.S.C. § 1681(a). It is inconceivable that Congress intended that veterans in flight training courses be reimbursed only for tuition and fees while veterans in other courses be reimbursed through a living stipend. Rather, the different methods of computation for the benefits were set up probably because of the varying lengths and costs of the educational programs. In addition, 38 U.S.C. § 1682(b)2 contains almost identical language to that contained in § 1677, yet veterans receiving benefits under § 1682(b)2 are not covered by Rev. Rul. 80-173. This omission negates any argument by the defendant that the distinction between § 1677 benefits and all other

benefits rests on the fact that the number of dependents is relevant to § 1682 benefits but not § 1677 benefits. In sum, Revenue Ruling 80–103's distinction between the *nature* of the benefit received by veterans in flight training programs and all other veterans is simply not borne out by the language of the statute and creates an arbitrary distinction between two sets of similarly situated taxpayers without any rational basis.[4]

The Commissioner may abuse his discretion in making a ruling retroactive when he makes an "unreasonable and arbitrary classification." *Dixon v. United States*, 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965). The only basis articulated by the defendant for the distinction in the present case is that the § 1677 benefits are related only to tuition and fees while the § 1681 benefits are in the nature of a living stipend. In light of the statutory language, however, this distinction is erroneous. All of the payments under Chapter 34 are identical in purpose. *See* 38 U.S.C. § 1651. They are all *defined* the same way in 38 U.S.C. § 1681. There is simply no language in the statute to indicate that Congress was setting up two different kinds of benefits.[5] This court finds that Rev.Rul. 80–173 creates an arbitrary classification devoid of any rational basis and thus the Commissioner has abused its discretion under I.R.C. § 7805(b). The only remaining issue is whether or not the plaintiff's flight training course did maintain and improve the skills required in his trade or business under I.R.C. § 162. Accordingly, the defendant's motion for summary judgment is DENIED. The plaintiff's motion for partial judgment is GRANTED.

4. The Eighth Circuit Court of Appeals considered this same issue in *Manocchio v. Commissioner*, 83–2 U.S.T.C. para. 9478 and affirmed the Tax Court's holding denying another veteran's similar claim. In *Manocchio*, the court briefly discussed the issue of an arbitrary classification and decided that the nature of the benefits under § 1677 were different than those under § 1681. The court gave no reasons for its finding. This court after a detailed analysis of the statute, finds no language that dictates such a result. And, because of the similarity of language between the statutes, this court finds that

the *nature* of the benefits is the same and that the classification is an arbitrary one.

5. In 38 U.S.C. § 1787, Congress set up a "training assistance allowance" for veterans enrolled in apprenticeship programs. Subsection (c) states that the term "'training assistance allowance' shall have the same meaning as 'educational assistance allowance' as set forth in Chapters 34 and 35...." This subsection is another indication that Congress was setting up a single entitlement benefit for all eligible veterans.