RONALD R. KOOP AND CELIA A. KOOP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Koop v. Commissioner
Docket No. 21851-80.
United States Tax Court
T.C. Memo 1984-75; 1984 Tax Ct. Memo LEXIS 598; 47 T.C.M. (CCH) 1107; T.C.M. (RIA) 84075; February 14, 1984. John W. Nelley, Jr., for the petitioners. Robert P. Crowther and Sarah A. Hall, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on December 29, 1983, [1] pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency *599 issued to petitioners on October 9, 1980, determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1977 in the amount of $2,351.03. The sole issue for decision is whether petitioners are entitled to claim an education deduction under section 162 [3] for expenses for flight training courses incurred in 1977 by Ronald R. Koop, hereinafter called petitioner, for which he received non-taxable reimbursement from the Veteran's Administration. On the date their petition was filed petitioners resided at 504 Juneau Court, Hermitage, Tennessee. They filed a joint 1977 Federal income tax return with the Internal Revenue Service. Petitioners at paragraph 4 of their petition filed on December 8, 1980, allege--"The Commissioner erred in disallowing an educational expense deduction of $7,779.80". Respondent filed his answer on January 27, 1981, at which time the pleadings were closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. Petitioner is a licensed commercial pilot. On Schedule A attached to *600 their 1977 return petitioners claimed a deduction of $7,779.80 for Flight School. Petitioner, in 1977, received reimbursement from the Veteran's Administration for the expenses he incurred in attending the Flight School. Respondent, in his deficiency notice, disallowed the claimed deduction in its entirety. He now maintains the claimed deduction should be disallowed to the extent of $7,001.82, which reflects the reimbursement received from the Veteran's Administration. [4] We agree. On June 14, 1982, in a court-reviewed opinion, we addressed the very issue herein under consideration on facts substantially similar to those present in this case. We see no reason to traverse the ground once again. In Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), we held that the reimbursed flight training expenses were allocable to a class of tax-exempt income--the reimbursement--and, thus, were non-deductible under section 265(1). [5]Manocchio is dispositive of this case. [6]
*601 Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [7]
The record here contains a complete copy of the notice of deficiency, the petition, answer, a copy of petitioners' 1977 return and respondent's affidavit. On the basis of the foregoing documents, respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any *602 material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper procedure for disposition of this case. Therefore, we must and do grant respondent's motion. [8] However, in view of respondent's concession, Decision will be entered under Rule 155.
Footnotes
1. While the motion as actually filed was for partial summary judgment we consider it to have been filed as a summary judgment motion and it will be considered as such. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure. This case was assigned pursuant to sec. 7456(d), Internal Revenue Code of 1954↩, as amended and Delegation Order No. 8 of this Court, 81 T.C. VII (July 1983).
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Respondent concedes the difference of $777.98 as an education expense.↩
5. That opinion squarely addresses and fully answers all of petitioners' substantive contentions herein. ↩
6. See Davis v. Commissioner,T.C. Memo. 1983-783; Radmacher v. Commissioner,T.C. Memo. 1983-740; Nelson v. Commissioner,T.C. Memo. 1983-739; Zamora v. Commissioner,T.C. Memo. 1983-660; Webster v. Commissioner,T.C. Memo. 1983-682; Rivers v. Commissioner,T.C. Memo. 1983-567, on appeal (4th Cir., Oct. 17, 1983); Campbell v. Commissioner,T.C. Memo. 1983-246; Reynolds v. Commissioner,T.C. Memo. 1983-223; Whitten v. Commissioner,T.C. Memo. 1983-222; Harman v. Commissioner,T.C. Memo. 1983-107; Russell v. Commissioner,T.C. Memo. 1983-42; Jackson v. Commissioner,T.C. Memo. 1983-41. See and compare Norelius v. Commissioner,T.C. Memo. 1983-480, but see Baker v. United States,575 F. Supp. 508 (N.D. Ga. 1983). As stated in Webster v. Commissioner,supra,↩ we respectfully decline to follow the District Court's holding.
7. Such outside materials may consist of affidavits, interrogatories, admissions, documents or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), 60 T.C. 1127↩.
8. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on February 8, 1984. No appearance was made by or on behalf of petitioners nor was a response to respondent's motion filed.↩