JOHN WILLIAM LEAHY and BARBARA APRIL LEAHY, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leahy v. Commissioner
Docket No. 23822-81.
United States Tax Court
T.C. Memo 1984-101; 1984 Tax Ct. Memo LEXIS 572; 47 T.C.M. (CCH) 1202; T.C.M. (RIA) 84101; March 1, 1984. *572 Held: Petitioners may not deduct the cost of a flight training course to the extent they received reimbursement in the form of nontaxable benefits from the Veterans Administration. Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), followed. John William Leahy, pro se. Mark H. Howard, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1978 in the amount of $332. After concessions, the only issue is whether petitioners are entitled to deduct as educational expenses certain payments for a flight training course to the extent they received reimbursement for such expenses in the form of nontaxable benefits from the Veterans Administration. Some of the facts have been stipulated and are so found. Petitioners John Leahy and Barbara Leahy, husband and wife, resided in Englewood, Colorado, at the time the petition in this case was filed. They filed a joint Federal income tax return for the year 1978. During 1978, petitioner John Leahy (petitioner) earned wages *573 as a pilot with Continental Airlines and with the National Guard. While he was still in the National Guard, petitioner took a flight training course. The cost of the course was $2,176. Petitioner received $1,958 from the Veterans Administration as a direct reimbursement of 90 percent of the cost of the flight training course, pursuant to 38 U.S.C. section 1677. This reimbursement was exempt from income tax under 38 U.S.C. section 3101(a), and petitioner did not report it as income. However, petitioner deducted the full cost of the course, $2,176, on his 1978 Federal income tax return. In preparing his tax return, petitioner relied on several Internal Revenue Service publications which indicated that these expenses were fully deductible, despite the nontaxable reimbursement from the Veterans Administration. In his notice of deficiency, respondent disallowed the deduction to the extent of the reimbursement petitioner received from the Veterans Administration, but allowed a deduction for the unreimbursed portion of the expenses, $218. Respondent does not challenge either the amount of the deduction or the requisite nexus between *574 the educational expenses and petitioner's occupation as a pilot. The sole basis for his disallowance of the deduction is that the reimbursed portion of the flight training expenses is allocable to a class of exempt income within the meaning of section 265(1). [1] In Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), we considered this precise issue and held that section 265(1) precludes the deduction of flight training expenses where the taxpayer receives direct reimbursement in the form of a tax-exempt payment from the Veterans Administration. Monocchio is dispositive of this case, and we find it unnecessary to reiterate here the reasoning behind that decision, which is discussed thoroughly in both our opinion and the opinion of the Ninth Circuit. While cognizant of the adverse judicial decisions on this issue, petitioner nevertheless urges that respondent should be estopped from disallowing the deduction in this case because petitioner, in preparing his returns, relied on various Internal Revenue *575 Service publications [2] which indicated that deductible educational expenses were not required to be reduced by tax-exempt educational benefits received from the Veterans Administration. The publications relied on by petitioner reflected the position adopted by respondent in Rev. Rul. 62-213, 1962-2 C.B. 59. Thirteen years later, however, respondent issued Rev. Rul. 80-173, 1980-2 C.B. 60, which held that flight training expenses for which the taxpayer is reimbursed under 38 U.S.C. section 1677 are not deductible. In Manocchio, we upheld respondent's retroactive application of Rev. Rul. 80-173 in the face of the identical estoppel argument petitioner makes in this case, noting that, regardless of the reasonableness of the taxpayer's reliance on prior published positions, "respondent has very broad discretion to correct a mistake of law in a ruling and to do so with retroactive effect." Manocchio v. Commissioner,supra at 1002. As petitioner has not demonstrated any facts which distinguish this case from Manocchio, we are compelled to hold for the respondent. [3]
*576 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. The publications petitioner used included Publication 17, "Your Federal Income Tax", and Publication 508, "Tax Information on Education Expenses." ↩
3. See also Nelson v. Commissioner,T.C. Memo 1983-739.But see Baker v. United States,575 F. Supp. 508, 84-1 USTC para. 9110 (N.D. Ga. October 13, 1983). As stated in Webster v. Commissioner,T.C. Memo. 1983-682↩, we respectfully decline to follow the District Court's holding.