LARRY C. DECKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Decker v. Commissioner
Docket No. 929-81.
United States Tax Court
T.C. Memo 1984-154; 1984 Tax Ct. Memo LEXIS 520; 47 T.C.M. (CCH) 1378; T.C.M. (RIA) 84154; March 28, 1984. Thomas R. Buckner, for the petitioner. Robert P. Crowther and Suzanne K. Tank, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on February 2, 1984, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1]
Respondent, in his notice of deficiency issued to petitioner on October 16, 1980, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1978 in the amount of $3,983.93. The *521 sole issue for decision is whether petitioner is entitled to claim an education deduction under section 162[2] for expenses for flight training courses incurred in 1978 by petitioner for which he received non-taxable reimbursement from the Veteran's Administration. On the date his petition was filed petitioner resided at 722 North Trezevant, Memphis, Tennessee. He filed an individual 1978 Federal income tax return with the Internal Revenue Service. Petitioner at paragraph 4 of the his petition filed on January 16, 1981, alleges-- * * * The Commissioner erred in disallowing as a deduction under Section 162 of the Internal Revenue Code of 1954 amounts paid by petitioner for flight safety training in the amount of $9,987.70, which amount represents non-taxable payments by the Veterans Administration to the petitioner. * * * Petitioner is and was during 1978 a licensed commercial airline pilot. On Schedule A attached to his 1978 return petitioner claimed a deduction of $11,273 for "Flight safety and airline ground school". Petitioner, in 1978, received reimbursement *522 from the Veteran's Administration for the expenses he incurred in attending the Flight School in the amount of $9,987.70. Respondent, in his deficiency notice, disallowed the claimed deduction to the extent of $9,987.70. On June 14, 1982, in a court-reviewed opinion, we addressed the very issue herein under consideration on facts substantially similar to those present in this case. We see no reason to traverse that ground once again. In Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), we held that the reimbursed flight training expenses were allocable to a class of tax-exempt income--the reimbursement--and, thus, were non-deductible under section 265(1). [3]Manocchio is dispositive of this case. [4]
*523 Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [5]
The record here contains a complete copy of the notice of deficiency, the petition, answer, a copy of petitioner's 1978 return and respondent's affidavit. On the basis of the foregoing documents, respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any *524 material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper procedure for disposition of this case. Therefore, we must and do grant respondent's motion. [6]
Decision will be entered for the respondent.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. This case was assigned pursuant to sec. 7456(d), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. VII (July 1983).
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. That opinion squarely addresses and fully answers all of petitioner's substantive contentions herein. ↩
4. See Koop v. Commissioner,T.C. Memo. 1984-75; Davis v. Commissioner,T.C. Memo. 1983-783; Radmacher v. Commissioner,T.C. Memo. 1983-740; Nelson v. Commissioner,T.C. Memo. 1983-739; Zamora v. Commissioner,T.C. Memo. 1983-660; Webster v. Commissioner,T.C. Memo. 1983-682; Rivers v. Commissioner,T.C. Memo. 1983-567, on appeal (4th Cir., Oct. 17, 1983); Campbell v. Commissioner,T.C. Memo. 1983-246; Reynolds v. Commissioner,T.C. Memo. 1983-223; Whitten v. Commissioner,T.C. Memo. 1983-222; Harman v. Commissioner,T.C. Memo. 1983-107; Russell v. Commissioner,T.C. Memo. 1983-42; Jackson v. Commissioner,T.C. Memo. 1983-41. See and compare Norelius v. Commissioner,T.C. Memo. 1983-480, but see Baker v. United States,575 F.Supp. 508 (N.D. Ga. 1983). As stated in Webster v. Commissioner,supra,↩ we respectfully decline to follow the District Court's holding.
5. Such outside materials may consist of affidavits, interrogatories, admissions, documents or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), 60 T.C. 1127↩.
6. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on March 21, 1984. No appearance was made by or on behalf of petitioner. In our disposition of respondent's motion we have duly considered petitioner's Response to Motion for Summary Judgment, which was filed on March 19, 1984.↩