JOHN E. GREENE and HELEN R. GREENE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greene v. Commissioner
Docket No. 2684-87
United States Tax Court
T.C. Memo 1988-331; 1988 Tax Ct. Memo LEXIS 359; 55 T.C.M. (CCH) 1374; T.C.M. (RIA) 88331; July 27, 1988; As amended August 3, 1988 John E. and Helen R. Greene, pro se. Rebecca A. Dance, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986. [1]
Respondent determined deficiencies in Federal income taxes of $ 3,386.75 for each of petitioners' 1980 and 1983 tax years. At issue is whether petitioners are entitled to a depreciation deduction for the entire year 1983 on a barge which was acquired and placed in service on December 28, 1983, but the trade or business in which the taxpayer was engaged was commenced in December 1983. [2]
*361 FINDINGS OF FACT Most of the facts were stipulated and, to the extent thereof, the stipulation and joint exhibits submitted therewith are so found and incorporated herein by reference. Petitioners, husband and wife, were residents of Nashville, Tennessee, at the time their petition was filed. Although it is not clear from the record what the trade or business of John E. Greene (petitioner) was prior to December 1983, it is clear, as stipulated by the parties, that in December 1983, petitioner commenced a barge transportation business, and on December 28, 1983, acquired a barge. The parties are in agreement as to the cost of the barge, its basis, an allowable section 179 expense deduction, the investment tax credit, that the barge is five-year recovery property under section 168(c)(2)(B), and that it was placed in service in 1983. What the parties disagree on is the amount of depreciation for 1983. Petitioners contend, as claimed on their 1983 return, they are entitled to a full year's depreciation on the barge; respondent contends, as set out in the notice of deficiency, that petitioners are entitled to only one-twelfth of the amount claimed under section 168(f)(5). OPINION
*362 The determination of respondent in a notice of deficiency is presumptively correct, and the burden of establishing that the determination is erroneous is on petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). In the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, 95 Stat. 172, Congress liberalized in several respects the depreciation allowance under section 168, by introducing the Accelerated Cost Recovery System (ACRS). Under ACRS, the unadjusted basis of property is first taken into account in determining the amount of the depreciation deduction for the taxable year in which the property is placed in service. Section 168(d)(1)(B)(i). Thus, petitioner contends that, even though he acquired his barge and placed it in service on December 28, 1983, since he was engaged in a trade or business at that time, he is entitled to depreciation on the barge for the entire year 1983. Section 168(f)(5) provides that, in the case of a tax year that is less than 12 months, the allowable depreciation recovery for that year is the ratio that the number of months in the "short taxable year" bears to 12. In section 168(f)(5), express authority is vested *363 in the "Secretary," in cases of short taxable years, to promulgate regulations to determine allowable depreciation for subsequent taxable years and to determine "when a taxable year begins." Respondent relies on certain proposed regulations which have been issued pursuant to this authority. One such regulation, section 1.168-2(f)(1), Proposed Income Tax Regs., 49 Fed. Reg. 5940 (Feb. 16, 1984), provides: (1) General Rule. For any recovery year in which there are less than 12 months (hereinafter in this section referred to as a "short taxable year"), the recovery allowance shall be determined by multiplying the deduction which would have been allowable if the recovery year were not a short taxable year by a fraction, the numerator of which equals the number of months and part-months in the short taxable year and the denominator of which is 12.
Section 1.168-2(f)(4), Proposed Income Tax Regs., further provides: (4) When a taxable year begins. For purposes of this section, a taxable year of a person placing property in service does not include any month prior to the month in which the person begins engaging in a trade or business or holding recovery or depreciable *364 property for the production of income. * * * Pursuant to section 168(f)(5) and the proposed regulations, respondent adjusted petitioners' depreciation to allow one-twelfth of the amount claimed on their 1983 return. Petitioner argues vigorously that, under section 441(a), taxable income must be computed on the basis of a "taxable year" and that, under section 443(a), a taxpayer has a "short period" only if the taxpayer has a change in his annual accounting period, or if the taxpayer is not in existence for the entire taxable year, neither of which existed in his case. Petitioner argues further that the proposed regulations go beyond the intent of Congress in enacting ERTA, as one of the purposes of ERTA in liberalizing depreciation deductions was to enhance the "economic recovery" of the country. Petitioner additionally contends the proposed regulations, published February 10, 1984, cannot be applied retroactively to his 1983 tax year, and that several Internal Revenue publications he relied on did not so restrict the application of section 168. We note at the outset that proposed regulations "carry no more weight than a position advanced on brief by the respondent." Miller v. Commissioner,70 T.C. 448, 460 (1978), *365 quoting F. W. Woolworth Co. v. Commissioner,54 T.C. 1233, 1265-1266 (1970). [3] Accordingly, we decide the issue presented without reference to the proposed regulations. Section 168(f)(5) provides in unmistakable terms that, in the case of "short taxable years," there is a limitation on depreciation allowable for such years. This is a statutory provision -- not a regulation. The term "short taxable year," as used in section 168(f)(5), is not cross-referenced to "Returns For Short Period," in section 443(a). Petitioners have not directed the Court to any authority, and the Court has found no authority, for the application of section 443 to section 168(f)(5), or for the application of section 443 to section 168(f)(5), or for the application of any of the concepts of section 443 to section 168(f)(5). The fact that section 168(f)(5) expressly directs the Secretary of the Treasury to promulgate regulations to determine, among other things, when a taxable year begins, indicates that Congress, in *366 its use of the term "short taxable year," had something else in mind than the returns for "short periods" envisioned in section 443. Petitioner was not engaged in the barge transportation business prior to December 1983. As such, he could not deduct expenses related to that trade or business prior to the date he commenced carrying on such business. Richmond Television Corp. v. United States,345 F.2d 901 (4th Cir. 1965). If petitioners were allowed the depreciation claimed on their return, eleven-twelfths of that depreciation would relate to a period of time in which petitioners were not engaged in a trade or business. Consistent with this rationale is section 168(c)(1), which defines "recovery property" as property "(A) used in a trade or business, or (B) held for the production of income." The barge was not used in a trade or business and was not held for the production of income prior to December 1983. [4]
It is well *367 settled that, where a taxpayer relies to his detriment on an Internal Revenue Service publication, the contents of the publication do not bar respondent from collecting tax lawfully due. Dixon v. United States,381 U.S. 68, 78 (1965); Manocchio v. Commissioner,710 F.2d 1400, 1403 (9th Cir. 1983), affg. 78 T.C. 989 (1982). While petitioner did not point out the specific language he relied on in the publications, to the extent the publications may have been misleading, authoritative tax law is contained in statutes, regulations, and judicial decisions and not in informal publications. Zimmerman v. Commissioner,71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner,59 T.C. 456, 458 (1972). Internal Revenue Service publications are merely guides published by the Service to aid taxpayers. Dixon v. United States, supra at 73. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year 1983. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The adjustment for 1980 is a reduction in the amount of the investment tax credit carryback from the year 1983. As a result of the depreciation adjustment for 1983, petitioners' alternative minimum tax liability was recalculated, resulting in a reduction of the investment tax credit carryback in the amount of $ 3,386.75. ↩
3. See Williams v. Commissioner,T.C. Memo. 1987-308↩, n. 20, which also involved, in part, section 168(f)(5) and the proposed regulations thereunder. 4. It is noted that section 179 allowing the expensing of certain portions of the cost of an asset, which was availed of by petitioners and not adjusted by respondent does not contain a limiting provision comparable to section 168(f)(5). ↩